IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| April Jones,<br><br>        Plaintiff,<br><br>vs.<br><br>Tim Ringer, Individually and as employee/agent of Wal-Mart Stores, Inc. d/b/a Wal-Mart Store # 630, and Wal-Mart Stores, Inc.,<br><br>        Defendants. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL** |

1.    Defendants Tim Ringer, individually and as employee/agent of Wal-Mart Stores, Inc. d/b/a Wal-Mart Store #630, and Walmart Stores Inc.,[1] (hereinafter collectively "Defendants" or "Wal-Mart") file this Notice of Removal of the above-titled action from the Court of Common Pleas of Florence County, South Carolina, to the United States District Court for the District of South Carolina, Florence Division, pursuant to 28 U.S.C. § 1441.

2.    The above-titled action was instituted by the Plaintiff by the service of a Summons and Complaint filed on May 22, 2017 in the Florence County Court of Common Pleas. The action is currently pending in the Court of Common Pleas for Florence County, South Carolina, Case No. 2017-CP-21-1375. No further proceedings have been filed and the Summons and Complaint constitute all process, pleadings or orders properly served in this action. Pursuant to 28 U.S.C. § 1446(a), Defendants file herewith a copy of the Summons and Complaint ("Complaint").

---

[1] The named Defendants Tim Ringer, Individually and as an employee/agent of Wal-Mart Stores, Inc. d/b/a Wal-Mart Store # 630, and Wal-Mart Stores, Inc. are not proper parties to this action; Wal-Mart Stores East, L.P. is the sole proper corporate defendant. Counsel for Defendants will accept service of an Amended Summons and Complaint substituting the proper entity or, alternatively, will consent to amend the caption to substitute the proper party.

3.     There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441 because Plaintiff could have originally filed the action in this Court pursuant to 28 U.S.C. § 1332.  Specifically, this suit is removable because there is complete diversity of citizenship between the Plaintiff and Defendant Wal-Mart Stores, Inc.  Defendant Tim Ringer is fraudulently joined as set forth more fully below; thus, his citizenship canned be used to defeat diversity.  Upon information and belief, based upon the Plaintiff's alleged injuries and the claim for relief in her Complaint, including actual and punitive damages, the amount in controversy as to the Plaintiff's claims exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interests and costs.

4.     At the time of the commencement of the action, Plaintiff was and still is a citizen and resident of South Carolina. Defendant Wal-Mart Stores, Inc. was, at the time of the commencement of the action, and still is, a corporate entity organized and existing under the laws of a state other than South Carolina and having its principal place of business in a state other than South Carolina.  Specifically, pursuant to 28 U.S.C. § 1332(c)(1), Defendant Wal-Mart Stores, Inc. is a citizen of both Delaware and Arkansas, as it is a Delaware corporation with its principal place of business in Arkansas.  Wal-Mart Stores East, L.P., the sole proper corporate defendant, operated the subject store at all times relevant to the present matter.  It is a Delaware limited partnership with its principal place of business in Arkansas.  The partners of Wal-Mart Stores East, L.P. are WSE Management, LLC (general partner), and WSE Investment, LLC (limited partner).  Both are Delaware limited liability companies with their principal places of business in Arkansas.  The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, which is an Arkansas limited liability company with its principal place of business in Arkansas.  Wal-Mart Stores East, LLC is a wholly-owned subsidiary of Wal-

2

Mart Stores, Inc., which is a Delaware corporation with its principal place of business in Arkansas.

5. Upon information and belief, as the allegations against Defendant Ringer are perfunctory and arise merely as a result of his employment as Store Manager of the subject Wal-Mart store, he is named as a defendant solely by virtue of his position. While Plaintiff asserts that Defendant Ringer is personally liable, the actual basis of Plaintiff's claim against Defendant Ringer is negligence in performing his job duties. *See* Pl.'s Compl. at ¶ 17. Specifically, Plaintiff alleges that Defendant Ringer failed to maintain the premises is a safe manner. *Id.* at ¶¶ 14 and 16-17. It is well-established that premises liability duties are owed by the owner or possessor of the premises, not by the owner's or possessor's employees. *See generally O'Leary-Payne v. R.R. Hilton Head, II, Inc.*, 371 S.C. 340, 348, 638 S.E.2d 96, 100 (Ct. App. 2006)*, quoting Bruno v. Pendleton Realty Co.*, 240 S.C. 46, 51, 124 S.E.2d 580, 582 (1962) (finding that "[t]he *owner* of the premises owes the customers the duty of exercising ordinary care to keep the passageways, sidewalks and such other parts of the premises as are ordinarily used by the customers in transacting business in a reasonably safe condition.") (emphasis supplied); *Binnicker v. Adden*, 204 S.C. 487, 490-491, 30 S.E.2d 142, 145 (1944) ("Because *possession and control* are reserved unto the lessor, the law implies an obligation, creates a legal duty, to keep the same in repair, and to operate it properly.") (emphasis supplied); *Creech v. South Carolina Wildlife and Marine Resources Dep't*, 328 S.C. 24, 32, 491 S.E.2d 571, 575 (1997) ("[ '[T]he traditional 'no duty to warn of the obvious' rule has been modified in many jurisdictions to hold that an *owner* is liable for injuries to an invitee, despite an open and obvious defect...") (emphasis supplied). Thus, it is the clear intent of our Courts to extend premises liability to owners or possessors of land but, not to their employees.

Further, the Restatement (Second) of Torts § 328E, defines "possessor" as follows:

A possessor of land is

(a) A person who is in occupation of the land with intent to control it or

(b) A person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or

(c) A person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) or (b).

Manifestly, a store employee such as Defendant Ringer does not fall within this definition. The Restatement is authoritative in this area for South Carolina and our Supreme Court has adopted many of its provisions on premises liability. *See e.g. Callander v. Charleston Doughnut Corp.*, 305 S.C. 123, 126; 406 S.E.2d 361, 362 (1991) (adopting § 343(A), relating to a land owner's duty to warn even of open and obvious dangers, where invitee can be expected to encounter it). Because Defendant Ringer is not an owner or possessor of Wal-Mart's store premises, he personally owed no duty to Plaintiff and, accordingly, there is no colorable basis for liability on his part. Accordingly, Defendant Ringer was fraudulently joined[2] as an in-state defendant to this action as there is no possibility that Plaintiff could establish a cause of action against him. Defendant Ringer's citizenship cannot be considered in determining complete diversity. To allow Plaintiff to name Ringer as a defendant simply by virtue of his position as Store Manager, without any evidence of negligent action on his part, effectively negates Wal-Mart's right to litigate this case in federal court on the basis of diversity and should not be allowed.

5.     Plaintiff's Complaint arises from an alleged incident in which the Plaintiff, while

---

[2] "'Fraudulent joinder' is a term of art, it does not reflect on the integrity of [the] plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists. In other words, a joinder is fraudulent if there [is] no real intention to get a joint judgment, and . . . there [is] no colorable ground for so claiming." *AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (alterations and omission in original) (internal quotation marks omitted).

shopping in Wal-Mart's retail store located in Florence, South Carolina, stepped on a rusty nail that pierced her shoe and her foot. *See* Pl.'s Compl. at ¶ 11. Plaintiff asserts that Defendants were negligent and alleges that Defendants either created the alleged hazard or had actual or constructive notice of it. *See* Pl.'s Compl. ¶ 14. Plaintiff also alleges that as a result of the subject incident, she sustained significant personal injury that eventually resulted in the amputation of her right leg above the knee, as well as damages to include loss of enjoyment of life, loss of employment opportunities and future income, and permanent detriment of her health and physical well-being. *See* Pl.'s Compl. at ¶ 18. Additionally, Plaintiff seeks an award of punitive damages. *See id.* at ¶¶ 19-21.

6. Upon information and belief, based upon Plaintiff's Complaint, including the alleged injuries and amount of pre-suit medical expenses claimed by Plaintiff, the amount in controversy in this matter exceeds the sum of Seventy-Five Thousand 00/100 Dollars ($75,000.00), exclusive of interest and costs, and said action is one over which the District Court of the United States has original jurisdiction under 28 U.S.C. § 1332 for the reasons set forth above.

7. Defendants hereby give counsel for the Plaintiff written notice of the removal of this action and will provide a copy of the filed Notice of Removal to the Clerk of Court for Florence County, as required by 28 U.S.C. § 1446(d).

8. Defendants file this Notice of Removal within thirty (30) days of the receipt of Plaintiff's Complaint in the state court action, which was the first pleading properly served upon Defendants setting forth Plaintiff's claims for relief and from which Defendants first ascertained that the case is one which is removable.

WHEREFORE, Defendants respectfully submit this Notice of Removal this 16th day of

August, 2017.

        *s/ Lee Ellen Bagley*
        Lee Ellen Bagley, USDC ID No. 11453
        lebagley@glelawfirm.com
        Nashiba Boyd, USDC ID. No. 11408
        nboyd@glelawfirm.com
        **GAFFNEY LEWIS & EDWARDS, LLC**
        3700 Forest Drive, Suite 400
        Columbia, South Carolina 29204
        803.790.8838 (telephone)
        803.790.8841 (fax)

        *Attorneys for Defendants*