

**Service of Process Transmittal**
07/17/2017
CT Log Number 531581558

**TO:** Kim Lundy Service of Process, Legal Support Supervisor
Wal-Mart Stores, Inc.
702 SW 8th St, MS#0215
Bentonville, AR 72716-6209

**RE:** **Process Served in South Carolina**

**FOR:** Wal-Mart Stores, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jones April, Pltf. vs. Tim Ringer, etc., et al., Dfts. // To: Wal-Mart Stores, Inc. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Cover Sheet, First Set of Request, First Interrogatories, First Requests |
| **COURT/AGENCY:** | Florence County Court of Common Pleas, SC<br>Case # 2017CP211375 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 06/26/2015 - Wal-Mart Store #630 in Florence South Carolina |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Columbia, SC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/17/2017 postmarked on 07/13/2017 |
| **JURISDICTION SERVED :** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Scan M. Tropea<br>Anastopoulo Law Firm, LLC<br>62 Columbus Street<br>Charleston, SC 29403<br>843-614-8888 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/17/2017, Expected Purge Date: 07/22/2017<br><br>Image SOP<br><br>Email Notification, Kim Lundy Service of Process ctlawsuits@walmartlegal.com |
| **SIGNED:** | CT Corporation System |
| **ADDRESS:** | 2 Office Park Court<br>Suite 103<br>Columbia, SC 29223 |
| **TELEPHONE:** | 804-217-7255 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

FILED
2017 MAY 22 PM 4:43
DORIS POULOS O'HARA
CCCP & GS
FLORENCE COUNTY, SC

IN THE STATE OF SOUTH CAROLINA )
COUNTY OF FLORENCE )

IN THE COURT OF COMMON PLEAS
FOR THE 12TH JUDICIAL CIRCUIT
CASE NO: 2017-CP-21-1375

APRIL JONES,

Plaintiff(s),

v.

TIM RINGER, Individually and as employee/agent of WAL-MART STORES, INC. d/b/a WAL-MART STORE # 630, and WAL-MART STORES, INC.,

Defendant(s).

**SUMMONS**
**(Jury Trial Demanded)**

**TO: THE DEFENDANT(S) ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED** and required to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the Plaintiff or her attorneys, Sean M. Tropea, Eric M. Poulin, and Roy T. Willey, IV, at their office, 62 Columbus Street, Charleston, South Carolina, 29403, within (30) days after the service hereof, exclusive of the day of such service and if you fail to Answer the Complaint within the time aforesaid, Plaintiff will apply to the court for the relief demanded in the Complaint.

Dated at Charleston, South Carolina on the 18 day of May, 2017.

**ANASTOPOULO LAW FIRM, LLC**

Sean M. Tropea, Esquire
S.C. Bar No.: 02385
Eric M. Poulin, Esquire
S.C. Bar No.: 100209
Roy T. Willey, Esquire
S.C. Bar No.: 101010
Anastopoulo Law Firm, LLC
62 Columbus Street
Charleston, SC 29403
(843) 614-8888

CERTIFIED: A TRUE COPY
CLERK OF COURT C.P. & G.S.
FLORENCE COUNTY, S.C.

FILED
2017 MAY 22 PM 4:43
DORIS POULOS O'HARA
CCCP & GS
FLORENCE COUNTY, SC

IN THE STATE OF SOUTH CAROLINA )
COUNTY OF FLORENCE )

IN THE COURT OF COMMON PLEAS
FOR THE 12TH JUDICIAL CIRCUIT
CASE NO: 2017-CP-21-1375

APRIL JONES,

Plaintiff(s),

v.

TIM RINGER, Individually and as employee/agent of WAL-MART STORES, INC. d/b/a WAL-MART STORE # 630, and WAL-MART STORES, INC.,

Defendant(s).

**COMPLAINT**
**(Jury Trial Demanded)**

CERTIFIED: A TRUE COPY
CLERK OF COURT C.P. & G.S.
FLORENCE COUNTY, S.C.

The Plaintiff, complaining of the Defendants, alleges and says as follows:

**CASE SYNOPSIS**

1. On June 26, 2015, April Jones was a patron of Wal-Mart Store #630 in Florence, South Carolina. Ms. Jones passed through an area where there were several pallets nearby when she suddenly felt a sharp pain in her foot. Ms. Jones inspected her foot and observed that a rusty nail had pierced through her shoe and was lodged into her foot. Ms. Jones visited the hospital and subsequently had to have a hole cut in her foot to treat the wound, which led to multiple surgical amputations, eventually resulting in her losing her right leg up to just above her knee.

**SPECIFIC AVERMENTS**

1. That the Plaintiff, April Jones, (herein referred to as "Plaintiff") is a citizen and resident of Florence County, State of South Carolina.
2. That the Defendant, Tim Ringer (herein referred to as "Defendant Ringer"), upon information and belief, is a citizen and resident of Darlington County, State of South

Carolina.

3. That the Defendant, Wal-Mart Stores, Inc. (herein referred to as "Defendant Wal-Mart"), is a business incorporated under the laws of Delaware while doing business in and/or owning property in Florence County, State of South Carolina, and its agent to accept service is C T Corporation System which is located at 2 Office Park Court, Suite 103, Columbia, SC 29223.

4. That the injury which is the subject of this action occurred at Wal-Mart Store #630, located in Florence County, State of South Carolina.

5. That this Court has jurisdiction over the parties and the subject matter of this action.

6. That on or about June 26, 2015, the Plaintiff was a customer and patron, as an invitee and for the benefit of the Defendants, at Defendant Wal-Mart's place of business (Wal-Mart Store #630) located at 230 North Beltline Drive, Florence, South Carolina, 29501.

7. That on or about June 26, 2015, Defendant Ringer was an employee/agent of Defendant Wal-Mart, acting as a manager of Wal-Mart Store #630.

8. As manager, Defendant Ringer's responsibilities and duties include, but are not limited to, cleaning, monitoring, and maintaining the premises of Wal-Mart Store #630 to ensure that it is safe, clean, and not dangerous for customers, patrons, and invitees.

9. Upon information and belief, on or about June 26, 2015, Plaintiff noticed a number of pallets on the floor while grocery shopping within Defendants' place of business.

10. Upon information and belief, on or about June 26, 2015, Plaintiff passed through the general area where the pallets were located and began to feel pain in her right foot while hearing a scraping sound under her shoe.

11. Upon information and belief, on or about June 26, 2015, upon feeling the pain and

hearing the scraping sound, Plaintiff looked under her right shoe and observed that a rusty nail had pierced through not only her shoe but also her foot, creating a wound.

12. Upon information and belief, on or about June 26, 2015, after noticing the nail, Plaintiff reported this incident to Defendants.

13. Upon information and belief, on or about June 26, 2015, due to the negligence of Defendants, Plaintiff suffered severe injuries after visiting Defendants' place of business.

14. That Defendants either knew or should have known that the floor area where Plaintiff's injuries were initiated presented a danger to patrons of Defendant's store, or that Defendant created the dangerous condition.

15. Upon information and belief, after the aforementioned incident, Plaintiff visited the hospital and subsequently had to have a hole cut in her foot to treat the wound, which led to multiple surgical amputations, eventually resulting in Plaintiff losing her right leg up to just above her knee.

16. That as a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness, wantonness, and acts and/or omissions of the Defendants, as is set forth more fully above, Plaintiff was injured, has endured pain and suffering, has suffered mentally and emotionally, and has incurred, and will incur various medical expenses, and has otherwise been damaged and injured.

17. The fall and resulting injuries and damages to Plaintiff were caused directly and proximately by one or more of the following negligent, negligent *per se,* grossly negligent, careless, reckless, willful, wanton and unlawful acts, and/or omissions of the Defendants in any one or more of the following ways:

    a. In failing to observe the dangerous condition of the floor;

b. In failing to properly keep the floor clear of harmful objects and apparatuses, including but not limited to nails;

c. In failing to appreciate the gravity of the dangers associated with having harmful objects and apparatuses, including but not limited to nails on the floor;

d. Failing to supervise in the correct cleaning and maintenance of the floor;

e. In failing to enact policies that would ensure the safety of customers, patrons, an/or invitees on the premises;

f. In failing and omitting to take any precaution whatsoever of a reasonable nature to protect this Plaintiff from the dangers of the floor on the occasion that the Plaintiff was using the same;

g. In failing to adequately warn the Plaintiff as to any dangers that may be present on the premises;

h. In failing to clean, monitor, and maintain the premises to ensure that it is safe, clean, and not dangerous for customers, patrons, and invitees; and

i. In any such manner the Plaintiff may discover through the discovery process or trial.

18. That as a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness and wantonness of the Defendants, as is set forth more fully above, Plaintiff has been damaged and injured in the following respects:

a. Plaintiff has been required to expend a significant amount of money for her medical care, treatment and attendant services;

b. Upon information and belief, the nature of the Plaintiff's injuries will require her to expend a significant amount of money for her medical care, treatment and

attendant services in the future;

c. Upon information and belief, the nature of Plaintiff's injuries will deprive her of employment opportunities and income in the future; and

d. The pain of her injuries has resulted in her loss of enjoyment of life and change in her personality, all to the permanent detriment of her health and physical well-being.

19. That Defendants' acts and omissions, as are set forth more fully above, show willful misconduct, malice, wantonness and an entire want of care, raising a presumption of the Defendants' conscious indifference to the consequences of such acts and omissions.

20. That because of the Defendants' acts and omission and the proximate harm resulting to Plaintiff, Plaintiff should be awarded punitive damages in an amount to be determined by the trier of fact, in order to punish and penalize the Defendants and to deter the Defendants and others from similar behavior.

21. That upon information and belief, Plaintiff is entitled to judgment against the Defendant for actual, compensatory, and exemplary or punitive damages for her personal injuries set forth here in an amount that is fair, just and reasonable under the circumstances, plus whatever costs, interest and attorney fees to which she may be entitled to be determined by a jury.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant for an amount to be ascertained by the jury at the trial of this action for all damages, punitive and actual, for the cost and disbursements of this action, and both prejudgment and post judgment interest, and for such other and further relief, in law or in equity, as this court may deem just and proper.

[Signature(s) on following page]

Respectfully submitted,

**ANASTOPOULO LAW FIRM, LLC**

Sean M. Tropea, Esquire
S.C. Bar No.: 102885
Eric M. Poulin, Esquire
S.C. Bar No.: 100209
Roy T. Willey, Esquire
S.C. Bar No.: 101010
Anastopoulo Law Firm, LLC
62 Columbus Street
Charleston, SC 29403
(843) 614-8888

Dated at Charleston, SC
This 18 day of May, 2017.

STATE OF SOUTH CAROLINA )
)
COUNTY OF FLORENCE )

IN THE COURT OF COMMON PLEAS

FILED

2017 MAY 22 PM 4:43

DORIS POULOS O'HARA
CCCP & GS
FLORENCE COUNTY SC

APRIL JONES )
Plaintiff(s) )

CIVIL ACTION COVERSHEET

2017-CP-21-1375

vs.

TIM RINGER, Individually and as employee/ agent of WAL-MART STORES, INC. d/b/a WAL-MART STORE # 630, and WAL-MART STORES, INC.,

Defendant(s) )

(Please Print)

Submitted By: Sean M. Tropea; Eric M. Poulin; and Roy T. Willey, IV
Address: 62 Columbus Street,
Charleston, South Carolina 29403

SC Bar #: 102385; 100209; 101010
Telephone #: (843)614-8888
Fax #: (843)853-2291
Other:
E-mail: sean@akimlawfirm.com
eric@akimlawfirm.com
roy@akimlawfirm.com

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check all that apply)*

***If Action is Judgment/Settlement do not complete***

☒ **JURY TRIAL** demanded in complaint. ☐ **NON-JURY TRIAL** demanded in complaint.

☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.

☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.

☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

**Contracts**
- ☐ Constructions (100)
- ☐ Debt Collection (110)
- ☐ Employment (120)
- ☐ General (130)
- ☐ Breach of Contract (140)
- ☐ Other (199)

**Torts - Professional Malpractice**
- ☐ Dental Malpractice (200)
- ☐ Legal Malpractice (210)
- ☐ Medical Malpractice (220)
- Previous Notice of Intent Case # 20___-CP-___-______
- ☐ Notice/ File Med Mal (230)
- ☐ Other (299)

**Torts – Personal Injury**
- ☐ Assault/Slander/Libel (300)
- ☐ Conversion (310)
- ☐ Motor Vehicle Accident (320)
- ☒ Premises Liability (330)
- ☐ Products Liability (340)
- ☐ Personal Injury (350)
- ☐ Wrongful Death (360)
- ☐ Other (399)

**Real Property**
- ☐ Claim & Delivery (400)
- ☐ Condemnation (410)
- ☐ Foreclosure (420)
- ☐ Mechanic's Lien (430)
- ☐ Partition (440)
- ☐ Possession (450)
- ☐ Building Code Violation (460)
- ☐ Other (499)

**Inmate Petitions**
- ☐ PCR (500)
- ☐ Mandamus (520)
- ☐ Habeas Corpus (530)
- ☐ Other (599)

**Judgments/Settlements**
- ☐ Death Settlement (700)
- ☐ Foreign Judgment (710)
- ☐ Magistrate's Judgment (720)
- ☐ Minor Settlement (730)
- ☐ Transcript Judgment (740)
- ☐ Lis Pendens (750)
- ☐ Transfer of Structured Settlement Payment Rights Application (760)
- ☐ Other (799)

**Administrative Law/Relief**
- ☐ Reinstate Driver's License (800)
- ☐ Judicial Review (810)
- ☐ Relief (820)
- ☐ Permanent Injunction (830)
- ☐ Forfeiture-Petition (840)
- ☐ Forfeiture—Consent Order (850)
- ☐ Other (899)

**Appeals**
- ☐ Arbitration (900)
- ☐ Magistrate-Civil (910)
- ☐ Magistrate-Criminal (920)
- ☐ Municipal (930)
- ☐ Probate Court (940)
- ☐ SCDOT (950)
- ☐ Worker's Comp (960)
- ☐ Zoning Board (970)
- ☐ Public Service Commission (990)
- ☐ Employment Security Comm (991)
- ☐ Other (999)

**Special/Complex /Other**
- ☐ Environmental (600)
- ☐ Automobile Arb. (610)
- ☐ Medical (620)
- ☐ Other (699)
- ☐ Pharmaceuticals (630)
- ☐ Unfair Trade Practices (640)
- ☐ Out-of State Depositions (650)
- ☐ Motion to Quash Subpoena in an Out-of-County Action (660)
- ☐ Sexual Predator (510)

CERTIFIED: A TRUE COPY
[signature]
CLERK OF COURT C.P. & G.S.
FLORENCE COUNTY, S.C.

**Submitting Party Signature:** ______________________ **Date:** 5/18/2017

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;
   b. Requests for temporary relief;
   c. Appeals;
   d. Post Conviction relief matters;
   e. Contempt of Court proceedings;
   f. Forfeiture proceedings brought by governmental entities;
   g. Mortgage foreclosures; and
   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute;

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note: You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**